IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-251-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PHILLIP L. CROWDER ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on what is construed as a motion for the issuance of a certificate of actual innocence pursuant to 28 U.S.C. § 2513. [DE 47]. For the following reasons, defendant's motion is DENIED.

BACKGROUND

On December 7, 2006, Mr. Crowder pled guilty to a single violation of 18 U.S.C. § 922(g)(1), which prohibits being a felon in possession of a firearm. [DE 11]. At the time, he had prior North Carolina felony convictions for possession with intent to sell and deliver marijuana, accessory after the fact to common law robbery, and possession of a controlled substance in jail. A criminal judgment was entered on March 20, 2007, in which the Court sentenced Mr. Crowder to a 72–month prison sentence. Following the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Mr. Crowder filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, wherein he argued that he was erroneously convicted based on prior convictions that no longer qualified as predicate offenses. The government filed a response in support of Mr. Crowder's motion and the Court granted the motion on August 8, 2013, thereby vacating Mr. Crowder's sentence and conviction.

On May 20, 2014, Mr. Crowder filed an action in this Court pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), in which he sought to recover monetary damages for the five years and three months he served in federal prison prior to the vacatur. *See* 5:14-CT-3133-F. The Court noted that rather than being controlled by *Bivens,* Mr. Crowder's claim is actually controlled by 28 U.S.C. §§ 1495 and 2513 and should have been filed in the United States Court of Federal Claims, which requires a certificate of actual innocence prior to filing. *United States v. Mills,* 773 F.3d 563 (4th Cir. 2014). Accordingly, the Court closed plaintiff's civil case, transferred the complaint to the underlying criminal case, and docketed it as a motion for a certificate of actual innocence, so that plaintiff could attempt to obtain the requisite certificate of actual innocence.

## DISCUSSION

A district court has "substantial discretion" in deciding whether to grant or deny a certificate of actual innocence pursuant to 18 U.S.C. § 2513. *United States v. Graham,* 608 F.3d 164, 166 (4th Cir. 2010) at 166. Section 2513, the "unjust convictions and imprisonment statute," provides in pertinent part:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of actual innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omission in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2153(a). In essence, a defendant bears the burden of proving (1) that the court setting aside the conviction did so on the grounds that defendant is not guilty of the offense of

2

conviction; (2) that defendant did not commit the acts charged or that those acts did not constitute a crime against the United States, any State, Territory, or the District of Columbia; and (3) that the defendant did not cause his prosecution by his own misconduct or neglect. *Graham*, 608 F.3d at 171 (quoting 28 U.S.C. § 2513(a)).

The Fourth Circuit recently addressed § 2513 in *United States v. Mills*, 773 F.3d 563 (4th Cir. 2014), a case in which the facts are virtually identical to those of Mr. Crowder's case. There, as here, the defendant petitioned the district court for a certificate of actual innocence after the vacatur of his federal felon–in–possession conviction pursuant to *Simmons*. *Id.* at 565. The Fourth Circuit, however, concluded that the defendant failed to satisfy the second § 2513 predicate because his prior state convictions rendered his possession of a firearm illegal under North Carolina law. *Id.* at 567. The court explained that "[t]he decision to prosecute the federal crime rather than the state crime does not demonstrate or imply that the defendant is innocent of the state crime" but rather § 2513 is designed to "separate from the group of persons whose convictions have been reversed, those few who are in fact innocent of any offense whatever." *Id.* at 570 (quoting *Betts v. United States*, 10 F.3d 1278, 1284 (7th Cir. 1993)).

The same is true of Mr. Crowder. As his conviction was vacated because he is not guilty of violating 18 U.S.C. § 922(g)(1), he satisfies the first requirement of § 2513(a). Like the defendant in *Mills*, however, Mr. Crowder cannot satisfy the second requirement. Although his possession of the firearm in the instant case did not violate federal law, his prior North Carolina felony convictions made it a violation of North Carolina law for him to possess a firearm. Accordingly, he cannot demonstrate that he is truly innocent of any offense, and his motion for a certificate of actual innocence is DENIED.

3

## CONCLUSION

For the foregoing reasons defendant's motion for the issuance of a certificate of actual innocence [DE 47] is DENIED.

SO ORDERED, this _2_ day of February, 2015.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE